UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAUL LOUIS BEARD                           CIVIL ACTION

VERSUS                                     NO: 23-1306

EXPERIAN INFORMATION
SOLUTIONS, INC.                            SECTION "H"

## ORDER AND REASONS

Before the Court is Defendant Experian Information Solutions, Inc.'s Rule 12(b)(6) Motion to Dismiss or, in the Alternative, Rule 12(e) Motion for a More Definite Statement (Doc. 7). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

This case arises out of alleged violations of 15 U.S.C. §§ 1681c(a)(4), 1681i(a), 1681s–2, and 1692 whereby Defendant Experian Information Solutions, Inc. reported incorrect information on Plaintiff Paul Louis Beard's credit report. Specifically, Plaintiff argues that Defendant violated the Fair Credit Reporting Act (FCRA) by reporting his debt after the statute of limitations had run despite Plaintiff notifying Defendant of the dispute. Plaintiff requests $183,666.00 for economic damages and emotional distress. On July 27, 2023, Defendant filed the instant Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement. Plaintiff opposes.[1]

---

[1] Doc. 11.

1

## **LEGAL STANDARD**

### *1. Rule 12(b)(6)*

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[2] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[3] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[4] The Court need not, however, accept as true legal conclusions couched as factual allegations.[5]

When ruling on a motion to dismiss, "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers."[6] Regardless, to be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[7] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[8] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[9] "In deciding a motion to dismiss[,] the court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken."[10]

---

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).
[3] *Id.*
[4] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[5] *Iqbal*, 556 U.S. at 667.
[6] *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. Unit A 1981) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)).
[7] *Id.*
[8] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
[9] *Lormand*, 565 F.3d at 255–57.
[10] *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 361 n.8 (5th Cir. 2017) (quoting *United States ex rel. Willard v.*

## 2. *Rule 12(e)*

A district court will grant a motion for a more definite statement under Rule 12(e) when the challenged pleading "is so vague or ambiguous that the [moving] party cannot reasonably prepare a response."[11] The moving party "must point out the defects complained of and the details desired."[12]

"When evaluating a motion for a more definite statement, the Court must assess the complaint in light of the minimal pleading requirements of Rule 8."[13] Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[14] "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[15] In light of the liberal pleading standard set forth in Rule 8(a), Rule 12(e) motions are disfavored.[16] Motions for a more definite statement are generally granted only when the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it."[17] This Court "has considerable discretion in deciding whether to grant a Rule 12(e) motion."[18]

---

Humana Health Plan of Tex., Inc., 336 F.3d 375, 379 (5th Cir. 2003)) (internal quotation marks omitted).

[11] FED. R. CIV. P. 12(e).
[12] *Id.*
[13] Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc., No. 05-4202, 235 F.R.D. 632, 633 (E.D. La. 2006).
[14] FED. R. CIV. P. 8(a)(2).
[15] Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted).
[16] JNP Enters., LLC v. Patterson Structural Moving & Shoring, LLC, No. 13-4684, 2014 WL 31650, at *1–2 (E.D. La. Jan. 3, 2014) (first citing Mitchell v. E–Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959); and then citing Who Dat Yat Chat, LLC v. Who Dat, Inc., No. 10-1333, 2012 WL 2087439, at *6 (E.D. La. June 8, 2012)).
[17] Phillips v. ABB Combustion Eng'g, Inc., No. 13-594, 2013 WL 3155224, at *2 (E.D. La. June 19, 2013).
[18] Murungi v. Tex. Guaranteed, 646 F. Supp. 2d 804, 811 (E.D. La. 2009).

## LAW AND ANALYSIS

In his complaint and the attachments thereto, Plaintiff appears to assert various claims under the Fair Credit Reporting Act (FCRA), namely sections 1681c(a)(4), 1681i, 1681s–2, and 1692.[19] The Court now considers whether Plaintiff has stated a plausible claim of each in turn.

### 1. *15 U.S.C. § 1681c(a)(4)*

Plaintiff first argues that Defendant violated Title VI of the Fair Credit Reporting Act, presumably § 1681c(a)(4), by reporting debt on his credit report after the statute of limitations had run. In its Motion to Dismiss, Defendant argues that Plaintiff has failed to plausibly state a claim under § 1681c(a)(4) because he does not allege any facts showing that Defendant made a consumer report to a third party and that the disputed accounts were placed for collection or charged to profit and loss.

Section 1681c(a)(4) provides that "no consumer reporting agency may make any consumer report containing any of the following items of information[, including] accounts placed for collection or charged to profit and loss which antedate the report by more than seven years."[20] By its plain terms, § 1681c(a)(4) only applies to consumer reports, as opposed to consumer files.[21] A consumer report is defined by the FCRA as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness" that is "used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the

---

[19] *See* 15 U.S.C. §§ 1681c(a)(4), 1681i, 1981s–2, 1692.
[20] *Id.* § 1681c(a)(4).
[21] "Even though § 1681c requires consumer reporting agencies to omit outdated information from credit reports, § 1681c does not require the consumer reporting agency to delete such information from the credit file." Owens v. TransUnion, LLC, No. 4:20-cv-655-SDJ-KPJ, 2021 WL 5086370, at *6 (E.D. Tex. Aug. 30, 2021) (citing Clements v. Transunion, LLC, No. 3:17-cv-237, 2019 WL 2331778, at *7 (S.D. Tex. Apr. 30, 2019)).

4

consumer's eligibility for" various purposes, such as credit, insurance, or employment purposes.[22] "To summarize in simple terms, the credit file is all the information about a consumer in the possession, custody, and control of a consumer reporting agency. A credit report, on the other hand, is only the specific credit information about an individual that is provided to a third-party."[23]

Plaintiff asserts that Defendant "illegally report[ed] incorrectly and fraudulently on [his] credit information."[24] While he references Exhibit A as his "Credit Report," the exhibit appears to be credit information on file with Defendant that Plaintiff obtained from various websites—not a credit report as defined under the FCRA.[25] Thus, it appears that Plaintiff uses the term "credit report" in the colloquial sense and fails to otherwise assert that these records were provided to a third party, thus bringing the "credit report" within the definition of a "consumer report" as defined by the FCRA.[26] Further, Plaintiff fails to allege that the accounts in question were either placed for collection or charged to profit or loss. Because Plaintiff has failed to plead any facts showing that Defendant included incorrect information in a consumer report given to a third party, his claim under § 1681c(a)(4) must be dismissed.

### 2. *15 U.S.C. § 1681i(a)*

While Plaintiff does not specifically cite § 1681i(a) in his complaint, he references an alleged violation of § 1681i(a) in an attachment thereto, entitled

---

[22] *Id.* § 1681a(d)(1).
[23] *Clements*, 2019 WL 2331778, at *7.
[24] Doc. 1 at 4.
[25] *Id.*; Doc. 1-1 at 1, 4–5; 15 U.S.C. § 1681a(d)(1).
[26] *See* 15 U.S.C. § 1681a(d)(1). *Cf. Owens*, 2021 WL 5086370, at *9 ("Plaintiff alleges the Credit Bureaus generated a credit report on September 24, 2017 for his mortgage loan application. . . . Because of his low credit score, Plaintiff's application was denied.").

"Affidavit of Official Debt Dispute."[27] Section 1681i(a) requires credit reporting agencies to conduct reasonable investigations of disputed information in a consumer's file and to notify the person who provided the information being disputed.[28] To assert a claim under § 1681i(a), a plaintiff

> must establish that (1) he disputed the completeness or accuracy of an item of information contained in his consumer file at [defendant] and notified [defendant] directly of that dispute; (2) [defendant] did not reinvestigate free of charge and either record the current status of the disputed information or delete the item from the file in the manner prescribed by Section 1681i(a)(5) within the statutory period; (3) [defendant's] noncompliance was negligent or willful; (4) [plaintiff] suffered injury; and (5) [plaintiff's] injury was caused by [defendant's] failure to reinvestigate and record the current status of the disputed information or delete the item from the file.[29]

Further, a plaintiff "must prove that his consumer reports included inaccurate information."[30] "A credit entry may be 'inaccurate' within the meaning of the statute either because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions."[31]

---

[27] Doc. 1-1 at 8. The "Affidavit of Official Debt Dispute" is alleged to have been mailed to Defendant. In ruling on a motion to dismiss, this Court may consider documents attached to or incorporated in the complaint. *Bynane*, 866 F.3d at 361 n.8.

[28] 15 U.S.C. § 1681i(a)(1)–(2).

[29] Hammer v. Equifax Info. Servs., LLC, No. 3:18-CVV-1502-C, 2019 WL 7602463, at *2 (N.D. Tex. Dallas Div. Jan. 16, 2019) (quoting Norman v. Experian Info. Sols., Inc., No. 3:12-CV-128-B, 2013 WL 1774625, at *3 (N.D. Tex. Apr. 25, 2013); Waggoner v. Trans Union, LLC, No. Civ.A. 302CV1494G, 2003 WL 22220668, at *9 (N.D. Tex. July 17, 2001)) (alterations in original). *See also* McCoy v. SC Tiger Manor, LLC, No. 19-723-JWD-SDJ, 2022 WL 621000, at *7 (M.D. La. Feb. 11, 2022).

[30] *Hammer*, 2019 WL 7602463, at *2 (citing *Waggoner*, 2003 WL 22220668; Washington v. CSC Credit Servs. Inc., 199 F.3d 263, 267 n.3 (5th Cir. 2000); DeAndrade v. Trans Union LLC, 523 F.3d 61, 67 (1st Cir. 2008)).

[31] Sepulvado v. CSC Credit Servs., Inc., 158 F.3d 890, 896 (5th Cir. 1998).

Here, Plaintiff alleges that he mailed an affidavit to Defendant explaining that the information on his credit file included debt subject to the statute of limitations set forth in § 1681c(a)(4).[32] Plaintiff also provided tracking information, showing that the affidavit was picked up by the recipient on May 9, 2022.[33] Defendant argues that this claim should be dismissed because Plaintiff failed to plead any facts demonstrating (1) an inaccuracy on his credit report, (2) causation, and (3) injury, as required to state a § 1681i(a) claim.

The only information that Plaintiff appears to dispute is the inclusion of debt, allegedly subject to the 7-year limitation period, in his credit file. In his Complaint, however, Plaintiff does not allege that this information is inaccurate. Plaintiff asserts for the first time, in his Opposition to the Motion to Dismiss, that "there was no contract or agreement made in 2019 between Plaintiff Paul Beard and a Creditor named MOHELA that year as a matter of fact."[34] Plaintiff also fails to allege any facts showing that an injury was suffered, that Defendant caused the alleged injury, and that Defendant did not reinvestigate the inclusion of debt in his file. Because Plaintiff failed to plead facts supporting the requisite elements of a § 1681i(a) claim, this claim must be dismissed.

### 3.  15 U.S.C. § 1681s–2

Plaintiff also argues that Defendant violated 15 U.S.C. §§ 1681s–2 and 1681s–2(b). Plaintiff argues that Defendant violated § 1681s–2(b) by purposefully reporting inaccurate credit information on Plaintiff's credit report. However, Plaintiff does not plead specific facts as to the alleged

---

[32] Doc. 1 at 4, Doc. 1-1 at 2–3, 6–10.
[33] Doc. 1-1 at 2–3.
[34] Doc. 11 at 2. In ruling on a 12(b)(6) motion to dismiss, courts may consider only the complaint and documents attached or incorporated thereto.

7

violation of § 1681s–2 generally. To the extent that Plaintiff attempts to assert claims under § 1681s–2(a), district courts in the Fifth Circuit have generally held that a private right of action does not exist under this subsection.[35] Thus, the Court considers whether Plaintiff has stated a claim under subsection (b).

To state a claim under § 1681s–2(b), a plaintiff must prove: "(1) he disputed the accuracy or completeness of information with a consumer reporting agency; (2) the agency notified the furnisher of the consumer's dispute; (3) and the furnisher failed to conduct an investigation, correct any inaccuracies, or notify the agency of the results of the investigation."[36] While the Act does not define "furnishers of information," "[c]ourts in the Fifth Circuit 'have defined the term broadly to mean "an entity [that] transmits information concerning a particular debt owed by a particular consumer to a credit reporting agency."[37] Defendant Experian Information Solutions, Inc. is a credit reporting agency, not a furnisher of information.[38]

---

[35] Bittinger v. Wells Fargo Bank NA, 744 F. Supp. 2d 619, 629 (S.D. Tex. 2010) (citing Wagner v. BellSouth Telecomms., Civ. A. No. 07-604-C, 2008 WL 348784, at *3 (M.D. La. Feb. 7, 2008)). *See also* Block v. Real Time Resolutions, Inc., No 3:20-cv-1592, 2021 WL 2559260, at *7 (W.D. La. June 8, 2021), *report and recommendation adopted*, 2021 WL 2554919 (W.D. La. June 22, 2021) (citing Hanberry v. Chrysler Capital, No. 21-397, 2021 WL 1577840, at *4 (E.D. La. Apr. 22, 2021)).

[36] Holliday v. U.S. Bank, Nat'l Ass'n, No. 22-00194-BAJ-RLB, 2023 WL 2543433, at *2 (M.D. La. Mar. 16, 2023) (quoting Shaunfield v. Experian Info. Solutions, Inc., 991 F. Supp. 2d 786, 805 (N.D. Tex. 2014)). *See also* 15 U.S.C. § 1681s–2(b); Ostiguy v. Equifax Info. Servs., LLC, No. 5:16-CV-790-DAE, 2017 WL 1842947, at *5 (W.D. Tex. May 4, 2017), *aff'd*, 738 F. App'x 281 (5th Cir. 2018).

[37] Shaunfield v. Experian Info. Sols., Inc., 991 F. Supp. 2d 786, 795 n.7 (N.D. Tex. Dallas Div. 2014) (quoting Alam v. Sky Recovery Servs., Ltd., No. Civ.A. H-08-2377, 2009 WL 693170, at *4 (S.D. Tex. Mar. 13, 2009); Thomasson v. Bank One, 137 F. Supp. 2d 721, 722 (E.D. La. 2001)). *See also* Young v. Equifax Credit Info. Servs., Inc., 294 F.3d 631, 639 (5th Cir. 2002) (distinguishing a "consumer reporting agency (like Equifax or [Credit Bureau of Lake Charles])" from a furnisher of information); Elias v. Chase Bank USA, N.A., No. 2:09cv250–KS–MTP, 2010 WL 384527, at *3 (S.D. Miss. Jan. 27, 2010).

[38] *See Young*, 294 F.3d at 639.

Defendant argues that Plaintiff has failed to state a claim upon which relief may be granted because § 1681s–2(b) only applies to "furnishers of information to consumer reporting agencies."[39] Indeed, the Fifth Circuit has held that "Section 1681s–2(b) imposes duties on *furnishers of information*."[40] Any private right of action under § 1681s–2(b) would therefore be against a furnisher of information, not a credit reporting agency like Defendant Experian Information Solutions, Inc. Thus, Plaintiff's claim under § 1681s–2(b) must be dismissed.

### 4. *15 U.S.C. § 1692*

Lastly, Plaintiff, in his attached "Affidavit of Official Debt Dispute," alleges that Defendant violated 15 U.S.C. § 1692. Section 1692, however, "imposes civil liability on 'debt collector[s]' for certain prohibited debt collection practices."[41] A debt collector is any person "who regularly collects . . . debts owed or due or asserted to be owed or due another."[42] In his Complaint and the attachments thereto, Plaintiff fails to allege that Defendant is a debt collector or that any prohibited debt collection practices were used by Defendant. Thus, Plaintiff's claims under § 1692 must likewise be dismissed.

### CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED**. Plaintiffs claims under 15 U.S.C. §§ 1681s–2 and 1692 are **DISMISSED WITH PREJUDICE**.[43] Plaintiff's claims under 15 U.S.C. §§ 1681c(a)(4) and 1681i(a)

---

[39] Doc. 7-1 at 3 (quoting 15 U.S.C. § 1681s–2). *See also Young*, 294 F.3d at 639.
[40] *Young*, 294 F.3d at 639 (emphasis added).
[41] Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 576 (2010).
[42] 15 U.S.C. § 1692a(6).
[43] "A dismissal with prejudice is appropriate when amending a complaint would be futile." Taubenfeld v. Hotels.com, 385 F. Supp. 2d 587, 592 (N.D. Tex. 2004) (citing Schiller v. Physicians Res. Group, Inc. 342 F.3d 563, 566 (5th Cir. 2003)). Because Defendant is

9

are **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file an amended complaint within twenty days of this Order.

New Orleans, Louisiana this 21st day of December, 2023.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

neither a debt collector nor furnisher of information as defined by the FCRA, amendment of these claims would be futile.